UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRIAN COPELAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:09CV310 CDP |
| KRAMER & FRANK, P.C., | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Brian Copeland alleges that the law firm of Kramer & Frank, P.C. violated the Fair Debt Collection Practices Act during its attempts to collect a debt from him. Kramer & Frank moves to dismiss Copeland's complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Rule 12(b)(6). In the alternative, Kramer & Frank seeks a more definite statement under Rule 12(e). Kramer & Frank argues that the Rooker-Feldman doctrine deprives me of subject matter jurisdiction over this case, and that in any event Copeland's allegations do not amount to a violation of the FDCPA. The pending motions will be denied for the reasons that follow.

Background Facts

According to the complaint, on August 28, 2006, Copeland was present in a courtroom in the Circuit Court of Boone County, Missouri in the matter of Capital

One Bank N.A. v. Brian Copeland, when a Kramer & Frank attorney approached him and identified herself as counsel for the bank. She asked to speak with Copeland outside the courtroom and led him to believe that the case against him would not proceed if he agreed to set up a payment plan of $70 per month instead. The attorney then showed Copeland a one-page document that itemized the amounts due and set up the $70 per month payment plan, which Copeland signed. Copeland alleges that the attorney never told him that as part of the payment plan a judgment would be entered against him or that this document was actually a judgment which could be used to attach his bank account in the event he defaulted on his payment schedule. Copeland also alleges that the attorney amended the document after he signed it to state that he consented to a judgment being entered against him. Copeland alleges that these actions violated the FDCPA because Kramer & Frank used false representation or deceptive means to collect a debt, and he seeks actual and statutory damages, attorneys' fees, and costs. Copeland does not attack the validity of the underlying state court judgment and does not seek to have the debt set aside or to prevent the debt from being collected.

## Discussion

*The Court Has Subject Matter Jurisdiction Over Plaintiff's Complaint*

Kramer & Frank first moves to dismiss Copeland's complaint for lack of

subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The purpose of a 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (internal quotation marks and citation omitted). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn, 918 F.2d at 729.

Here, Kramer &Frank argues that plaintiff's claims are precluded by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that a federal district court lacks jurisdiction to consider a claim which "in effect constitutes a challenge to a state court decision." Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). Under the Rooker-Feldman doctrine, "with the exception of habeas corpus petitions, lower

federal courts lack subject matter jurisdiction over challenges to state court judgments." Ballinger, 322 F.3d at 549 (internal quotation marks and citations omitted). The Rooker-Feldman doctrine precludes both straightforward and indirect attempts to "undermine state court decisions." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). The Eighth Circuit Court of Appeals explained in Ballinger that:

> District courts may not review state court decisions, even if those challenges allege that the state court's action was unconstitutional, because federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. A party who was unsuccessful in state court thus is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights. This jurisdictional bar extends not only to straightforward appeals but also to more indirect attempts by federal plaintiffs to undermine state court decisions. Federal district courts thus may not exercise jurisdiction over general constitutional claims that are inextricably intertwined with specific claims already adjudicated in state court.
>
> A claim brought in federal court is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.

322 F.3d at 548-49 (internal quotation marks and citations omitted). See also, Heartland Academy Community Church v. Waddle, 335 F.3d 684, 688 (8th Cir. 2003).

In this case, Kramer & Frank argues that plaintiff's claims under the

FDCPA are "inextricably intertwined" with the state court judgment and are therefore barred by the Rooker-Feldman doctrine. In support of its argument, Kramer & Frank points to the decision issued by the Honorable Rodney W. Sippel in Kramer & Frank, P.C. v. Wibbenmeyer, 2007 WL 956931 (E.D. Mo. March 6, 2007). In that case, Judge Sippel dismissed the claims against Kramer & Frank as barred by the Rooker-Feldman doctrine because the consumers sought to enjoin enforcement of the arbitration awards allegedly obtained in violation of the FDCPA. Id. at *1. Judge Sippel held that the consumers, who did not seek to timely vacate the arbitration awards in state court, could not "by artful pleading obtain a hearing of disguised state court appeals that would otherwise be subject to a Rooker-Feldman bar." Id. at *2.

Judge Sippel's Wibbenmeyer case is inapposite to the case at bar. Here, Copeland is not attacking the underlying validity of the state court's judgment, nor does he seek to enjoin its enforcement. Instead, the instant case is analogous to Anderson v. Gamache & Myers, P.C., 2007 WL 1577610 (E.D. Mo. May 31, 2007). In Anderson, the Honorable Mary Ann Medler held that the Rooker-Feldman doctrine did not bar plaintiff's claims against defendants under the FDCPA because plaintiff "does not challenge the validity of the State court's judgment; rather, Plaintiff's claim exclusively addresses [defendants'] conduct in

attempting to collect a debt in violation of the FDCPA . . . . As such, the court finds that the <u>Rooker-Feldman</u> Doctrine is not applicable . . . ." <u>Id.</u> at *6. Like the plaintiff in <u>Anderson</u>, Copeland's complaint addresses only Kramer & Frank's conducting in attempting to collect the debt and does not challenge the underlying debt itself. To succeed, Copeland's claim for damages does not require a finding that the state court wrongly decided the issues before it. For these reasons, the <u>Rooker-Feldman</u> doctrine does not preclude Copeland's claims, and the motion to dismiss for lack of subject matter jurisdiction will be denied.

*Plaintiff's Complaint Adequately States a Claim, and a More Definite Statement is Not Required*

Kramer & Frank also seeks dismissal on the ground that Copeland's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Kramer & Frank moves for a more definite statement under Fed.R.Civ.P. 12(e). When deciding a motion to dismiss under Rule 12(b)(6), the court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989). "The motion will succeed or fail based upon the allegations contained in the face of the complaint." <u>McAuley v. Federal Ins. Co.</u>, 500 F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted).

However, the factual allegations in the complaint must be more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Under Fed.R.Civ.P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A motion under Rule 12(e) is designed to strike at unintelligibility in a pleading rather than want of detail." Patterson v. ABS Consulting, Inc., 2009 WL 248683, * 2 (E.D. Mo. Feb. 2, 2009) (internal quotation marks and citation omitted). Under Fed.R.Civ.P. 8(a), "a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). "This is a stringent standard that is rarely met in light of liberal notice pleading standards of the federal rules . . . ." Skender v. Ameron International Corp., 2009 WL 129891, *1 (W.D. Ark. Jan. 20, 2009). However,

when the "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."  Swierkiewicz, 534 U.S. at 514.

Having reviewed the complaint in light of the relevant standards, I cannot dismiss Copeland's claims for failure to state a claim at this time.  Kramer & Frank's motion really amounts to an argument that Copeland will not succeed in proving his claims.  However, that is not the appropriate standard governing motions to dismiss, and whether Copeland will ultimately prevail on his claims is not before me at this stage of the proceedings.  The motion to dismiss under Rule 12(b)(6) will be denied.

Finally, the motion for a more definite statement must also be denied.  Copeland's complaint meets the federal notice pleading requirements of Rule 8 and gives Kramer & Frank fair notice of the claims so that it may respond to the allegations against it.  Rule 12(e) requires no more.

This case will be set for a Rule 16 scheduling conference by separate Order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for more definite statement [#6] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [#7] is

denied.

**IT IS FURTHER ORDERED** that defendant's motion for hearing on motion to dismiss [#9] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2009.