IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN COPELAND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:09-CV-00310 |
| | ) | |
| vs. | ) | |
| | ) | |
| KRAMER & FRANK, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Comes Now Defendant Kramer & Frank, P.C. and for its Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 and therefore denies the same.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendant admits that Angela Milliot, associate attorney at Kramer & Frank, was in Boone County Court on August 26, 2008, representing Capital One Bank, n/k/a/ Capital One Bank USA NA in the matter of Capital One Bank v. Brian Copeland, Case No. 09BA-CV02547. Defendant denies all other averments in paragraph 9.

1

10. Defendant admits that Ms. Milliot and Plaintiff spoke on August 26, 2008. Defendant denies all other averments in paragraph 10.

11. Defendant admits that Ms. Milliot advised Plaintiff he could enter into a consent judgment and could set up a payment plan at $70 month for 3 months. Defendant further admits that in Boone County the Associate Circuit Judge court does not require that Defendants who resolve their case prior to formal court proceedings wait to appear personally before the Judge and it is routine for Defendants to sign Judgment forms and leave. Defendant denies all other averments in paragraph 11.

12. Denied.

13. Defendant admits that Plaintiff was shown and signed a one-page document titled JUDGMENT IN DEFAULT which itemized the amounts due and that the Plaintiff agreed to a payment plan of $70.00 per month. A certified copy of the Judgment as entered by the Court is attached hereto and incorporated by reference herein as Defendant's Exhibit A. Defendant denies all other averments in paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Defendant admits that the Judgment was amended to indicate that Plaintiff consented to the Judgment being entered against him. Defendant denies all other averments in paragraph 17.

18. Defendant denies paragraph 18, including all subparts.

19. Denied.

20. Defendant admits that Plaintiff has demanded a trial by jury on all issues so triable.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays to be dismissed therefrom with costs herein expended and for such further relief as the Court deems necessary and proper on the premises.

### DEFENDANT'S AFFIRMATIVE DEFENSES

1. For its FIRST AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that Plaintiff fails to state a claim upon which relief may be granted.

2. For its SECOND AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that Plaintiff is equitably estopped from pursuing this lawsuit by virtue of his knowledge, conduct, or own acts.

3. For its THIRD AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that any alleged wrongdoing was the result of a "bona fide error" as defined in 28 U.S.C. §1692(k)(c).

4. For its FOURTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that this court lacks subject matter jurisdiction over this controversy.

5. For its FIFTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that Plaintiff, by voluntarily signing the judgment, has waived any false representation or deceptive means theory of liability under the Fair Debt Collection Practices Act ("FDCPA").

6. For its SIXTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that Plaintiff has failed to plead false representation or deceptive means to collect with the particularity contemplated by the Federal Rules of Civil Procedure.

7. For its SEVENTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that Plaintiff's cause of action is barred by the doctrines of laches and unclean hands.

8. For its EIGHT AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that Plaintiff's cause of action is barred by the doctrines of res judicata and collateral estoppel.

9. For its NINTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that Plaintiff's cause of action is barred by payments made on September 19, 2008 and November 13, 2008.

10. For its TENTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that Plaintiff's action is barred by the *Rooker-Feldman* doctrine.

11. For its ELEVENTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that it is entitled to reasonable attorney's fees pursuant to 15 U.S.C. section 1692k(a)(3).

12. For its TWELFTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that any alleged deceptive, misleading or false statements by Defendant were not material and therefore not actionable.

13. For its THIRTEENTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. states that Missouri Supreme Court Rule 4-4.3 prohibits an attorney from giving legal advice to an unrepresented person.

14. For its FOURTEENTH AFFIRMATIVE DEFENSE Kramer & Frank, P.C. reserves the right to raise additional affirmative defenses as the basis for such defenses becomes known through investigation and discovery.

Respectfully submitted,

WUESTLING & JAMES, L.C.


 /s/   Susan M. Schwartzkopf
R.C. Wuestling                      #4861
Susan M. Schwartzkopf        #517873
720 Olive St., Suite 2020
St. Louis, MO  63101
Phone:  (314) 421-6500
Fax:  (314) 421-5556
Email:   wuestling@wuestlingandjames.com
E-mail:  schwartzkopf@wuestlingandjames.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Larry P. Smith [lsmith@smithlaw.us]
**Attorneys for Plaintiff**


 /s/ Susan M. Schwartzkopf

5