UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN COPELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV310 CDP |
| ) | |
| KRAMER & FRANK, P.C., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Brian Copeland alleges that the law firm of Kramer & Frank, P.C. violated the Fair Debt Collection Practices Act (FDCPA) during its attempts to collect a debt from him. Kramer & Frank now moves for summary judgment, arguing that its conduct did not violate the FDCPA as a matter of law and, alternatively, that it is entitled to judgment on its asserted affirmative defense. Because the question of whether Kramer & Frank violated the FDCPA must be decided by a jury, I will deny the motion for summary judgment.

## Legal Standards Governing Summary Judgment

In considering a motion for summary judgment, the court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As the moving party, defendants must establish that there is no genuine

issue of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

To survive a motion for summary judgment, the nonmoving party must provide "sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy." Putman v. Unity Health System, 348 F.3d 732, 733-34 (8th Cir. 2003) (internal quotation marks and citation omitted). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. Wilson v. Int'l Bus. Machs. Corp., 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. 242 at 252; Davidson & Associates v. Jung, 422 F.3d 630, 638 (8th Cir.

2005). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007). Although a district court must rule on a motion for summary judgment after viewing the facts in the light most favorable to the non-moving party, it is not required to "accept unreasonable inferences or sheer speculation as fact." Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir. 2004); Reed v. City of St. Charles, Missouri, 561 F.3d 788, 791-92 (8th Cir. 2009). Under these standards I review the facts in this case.

## Background Facts[1]

On August 28, 2006, Copeland was present in a courtroom in the Circuit Court of Boone County, Missouri in the matter of Capital One Bank N.A. v. Brian Copeland, when a Kramer & Frank attorney, Angelia Milliot, approached him and identified herself as counsel for the bank. She asked to speak with Copeland outside the courtroom. Once outside, Milliot led Copeland to believe that the case against him would not proceed if he agreed to set up a payment plan of $70 per month instead. Copeland agreed, and Milliot then presented him with a one-page

---

[1] These facts are set forth for purposes of summary judgment only; nothing in this Memorandum and Order relieves any party of its burden of presenting evidence at trial.

document that itemized the amounts due, which Copeland signed. This document was prepared by Kramer & Frank and was entitled "Judgment." Copeland testified that he did not understand what the term judgment meant and that he thought he was just signing the document as part of the paperwork required to set up a payment plan. He testified that the conversation was brief and they discussed only a payment plan, not entry of judgment. Milliot then told Copeland that she would take care of the paperwork, that Copeland did not have to stay for the docket call and appear before the judge if he had other things to do, and that his case would probably be placed near the end of the docket call. Milliot never told Copeland that as part of the payment plan a judgment would be entered against him or that the document he signed was actually a judgment which could be used to attach his bank account in the event he defaulted on his payment schedule.

Copeland had to work that afternoon, so he decided not to stay for the docket call. After Copeland left, Milliot altered the document entitled "Judgment." She crossed out the words "although thrice called comes not but makes default" and "in default" and added the word "consent" twice. Therefore, when the document was presented to the judge, the Honorable Leslie Schneider, for signature, the document was entitled "Consent Judgment" and stated that Copeland consented to the entry of judgment. Judge Schneider signed the

document.  The state court's normal practice is to mail out a copy of any order signed by a judge to the parties, which in this case would include Copeland.  However, Kramer & Frank did not mail Copeland a copy of the altered document that Milliot presented to the judge, nor did it mail him a copy of the document signed by the judge.

Judge Schneider was deposed for this case and testified that her normal practice in cases involving pro se defendants would be to ask the defendants whether they had read the petition and agreed with the allegations.  If she was informed that the pro se defendant wanted to enter into a consent judgment, Judge Schneider would ask the defendant whether he understood what a consent judgment was and whether he actually consented to judgment.  However, Judge Schneider did not question Copeland about the consent judgment at issue here because he was not in the courtroom when the case was called.

When Copeland missed a payment, Kramer & Frank executed on the judgment and garnished his bank account.  Copeland alleges that these actions violated the FDCPA because Kramer & Frank used false, misleading, and/or deceptive means to collect a debt, and he seeks actual and statutory damages, attorneys' fees, and costs.  Copeland does not attack the validity of the underlying state court judgment and does not seek to have the debt set aside or to prevent the

debt from being collected.

Discussion

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." Strand v. Diversified Collection Service, Inc., 380 F.3d 316, 317 (8th Cir. 2004) (internal quotation marks and citations omitted). "This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." Id. (internal citation omitted).

Here, there is no dispute that Kramer & Frank is considered a debt collector[2] for purposes of this case. Moreover, all of the events that took place at the

---

[2] The parties confuse the issues on summary judgment by discussing an attorney's ethical duties to her client and to unrepresented parties under Missouri law, and even by citing cases discussing the Sixth Amendment's standard for effective assistance of counsel. The issue here is whether Kramer & Frank, acting as a debt collector, violated the FDCPA by using false, deceptive, or misleading communications. Moreover, Copeland's case does not depend on an omission, but on whether Kramer & Frank's affirmative communications with Copeland were false, deceptive, or misleading.

courthouse that day, not just the judgment form presented to Copeland, must be considered as part of Copeland's FDCPA claim. How an unsophisticated consumer would interpret being asked to step outside a courtroom to discuss resolving a case with a payment plan, discussing only a payment plan but then being asked to sign a document entitled "Judgment" that acknowledges the debt, being told that he did not really need to stay for court, which would be long and drawn out, because the attorney would handle the "paperwork," being told that the attorney would send him a copy of the paperwork, and then never receiving it from the attorney, are issues to be decided by a jury. I cannot determine as a matter of law that the conduct summarized above, when combined with the alteration of the document presented to Judge Schneider as a Consent Judgment and Copeland's absence from the courtroom (which a reasonable jury could interpret as having been induced by Milliot), does not amount to a violation of the FDCPA. Summary judgment must therefore be denied.

  Kramer & Frank also argues that summary judgment should be granted because any alleged violation of the FDCPA was the result of a bona fide error. A debt collector may not be liable under the FDCPA if the debt collector "shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably

adapted to avoid any such error." 15 U.S.C. § 1692k(c). The bona fide error defense is an affirmative defense for which Kramer & Frank has the burden of proof at trial. See Wilhem v. Credico, Inc., 519 F.3d 416, 420 (8th Cir. 2008). "This is a fact-intensive inquiry . . . ." Id. The bona fide error defense does not apply to a mistake of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605, 1608 (2010). There is not sufficient undisputed evidence t show, as a matter of law, that any violations of the FDCPA resulted from a bona fide error. Whether or not Kramer & Frank is protected by the bona fide error defense is a question of fact to be decided at trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#36] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2010.