IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN COPELAND, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:09-CV-00310 |
| | ) |
| vs. | ) |
| | ) |
| KRAMER & FRANK, P.C., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S PRE TRIAL BRIEF**

Comes now Defendant Kramer & Frank, P.C. ("Kramer & Frank") and for its Pre-Trial Brief, states as follows:

**I.   FDCPA STANDARD**

The Court has held that whether Kramer & Frank violated the Fair Debt Collection Practice Act ("FDCPA"), specifically 15 U.S.C. §1692e(10), is a question for the jury. (Doc. 54, at 1).  Thus, Plaintiff must prove, by a preponderance of the evidence, that Kramer & Frank, P.C. violated the FDCPA, in one or more ways.  Section 1692e (10) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

A violation of the FDCPA is assessed by the jury utilizing the unsophisticated consumer standard which is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" *Strand v.*

1

*Diversified Collection Service, Inc.*, 380 F.3d 316, 317-18 (8th Cir. 2004). This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of communications. *Peters v. Gen. Serv. Bureau, Inc.,* 277 F.3d 1051, 1054-1055 (8th Cir. 2002). This standard presumes a "basic level of understanding and willingness to read with care." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591-92 (6th Cir. 2009). The Eighth Circuit has not provided a definition of the term "unsophisticated consumer" but has looked to the Seventh Circuit for the application of the standard. *See Peters v. General Service Bureau, Inc*., 277 F.3d 1051, 1055 (8th Cir. 2002)(stating that the standard is objective and evolved from the Seventh Circuit standard); *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir. 2000)(defining the unsophisticated consumer as a person who "possess rudimentary knowledge about the financial world, is wise enough to read with added care, possesses reasonable intelligence and is capable of making basic logical deductions and inferences.").

As set forth in *Peters*, the standard to be applied by the jury is an objective one. Thus, the jury must determine whether the unsophisticated consumer would be misled by the communication between the parties. The jury should not be permitted to hear testimony as to how Mr. Copeland reacted to or interpreted the communications, as such is irrelevant. *See Wilhelm v. Credico, Inc.* 519 F.3d 416, 419-20 (8th Cir. 2008)(holding that a jury must evaluate an alleged § 1692e(10) violation "by applying an <u>objective standard</u> based upon the understanding of the 'unsophisticated consumer.'") [1]

---

[1] This issue will be explored in greater detail in a Motion in Limine.

## II.     FACTUAL ISSUES

As set forth above, the jury must make its determination as to whether Kramer & Frank violated the FDCPA based on the parties' recollection of the conversation and upon application of the definition of the unsophisticated consumer. The major factual disputes revolve around Mr. Copeland and Ms. Milliot's recollection of their conversation on August 26, 2008, more specifically:

- whether Ms. Milliot spoke the term "judgment" when presenting Mr. Copeland with the judgment form to sign;

- whether Ms. Milliot told Mr. Copeland that the case against him would not proceed and a payment plan would be set up instead;

- whether the alteration of the document by Ms. Milliot was a misrepresentation in light of Mr. Copeland's signature and appearance on the day of the judgment; and,

- whether a copy of the modified judgment form was sent and received by Mr. Copeland.

The Court has also held that whether Kramer & Frank is entitled to protection by the bona fide error defense, 15 U.S.C. §1692k(c) is a question of fact to be decided at trial. Section 1692k(c)

(c) Intent

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

The bona fide error defense is an affirmative defense and Kramer & Frank has the burden of proof at trial. *Wilhelm v. Credico Inc.*, 519 F.3d 416, 420 (8th Cir. 2008). The primary factual focus will be whether Ms. Milliot's failure to modify the judgment form before signature to was intentional and whether such a clerical mistake resulted from a bona fide error notwithstanding Kramer & Frank's maintenance of procedures reasonably adapted to avoid any such error. Thus, the adequacy of Kramer & Frank's training on the FDCPA as well as the procedures its attorney's follow with regards to a consent judgment will be before the jury.

### III.     EXPERT TESTIMONY

Plaintiff has provided no expert testimony or data which supports his theory that the communication between Ms. Milliot and Mr. Copeland on August 26, 2008, would mislead the unsophisticated consumer. In *Sheldon v. Unum Life Ins. Company of America*, 2007 WL 3124535, 6 (D.Neb. 2007), the district court held that Defendant was entitled to summary judgment on plaintiff's FDCPA claims because plaintiff had "not presented any evidence to demonstrate that these communications were atypical or confusing." *Id.* at *6. The Court held that because plaintiff failed to come forward with evidence upon which any reasonable juror could find that these letters are misleading as measured against the unsophisticated consumer standard, defendant was entitled to judgment as a matter of law, citing the Eighth Circuit standard set forth in *Strand,* 380 F.3d at 317. *Id.*

Plaintiff has not established that the unsophisticated consumer would be misled by the communications at issue. "[A] plaintiff must demonstrate that the letter's language unacceptably increases the level of confusion" such that "a significant fraction of the population would be similarly misled." *Sims v. GC Servs. L.P.,* 445 F.3d 959, 963 (7th Cir. 2006) (internal quotation marks omitted). The Seventh Circuit has suggested that this requirement "might be met through

4

the use of a carefully designed and conducted consumer survey" or appropriate expert testimony. *McKinney v. Cadleway Properties, Inc*., 548 F.3d at 503 (citations omitted). Thus, when the communication itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial. *Durkin v. Equifax Check Servs., Inc.,* 406 F.3d 410, 415 (7th Cir. 2005). The Seventh Circuit has repeatedly indicated that this need for additional evidence might be met through the use of a carefully designed and conducted consumer survey. Also, an appropriate expert witness might suffice. *Id.* (citations omitted). Thus, Plaintiff's claim that the unsophisticated consumer would be misled by the communications at issue is unsupported by admissible evidence. Thus, Plaintiff cannot meet his burden of proof at trial.

Plaintiff has not designated any expert witnesses in accordance with the Rules of Civil Procedure. Thus, any opinion or expert testimony from Judge Leslie Schneider must be struck as improper. Judge Schneider was not named as an expert nor did she provide a report in accordance with the Rules. Judge Schneider may testify as to the events which transpired on August 28, 2008, as well as to how she runs her courtroom, but she cannot testify as to whether she believes a modification of the judgment was substantive, her opinion on the validity of the underlying affidavit, petition or the strength or weakness of the underlying case.[2]

## IV. <u>MATERIALITY</u>

Plaintiff has failed to articulate how this modification of the judgment was "material" and he cannot meet his burden of proof at trial. Thus, Ms. Milliot's correction of her clerical error was neither false nor material, Plaintiff's claims under §1692e fail. Writing for the Seventh

---

[2] This issue will be also explored in greater detail in a Motion in Limine and will be specifically tailored to Plaintiff's deposition designations.

Circuit, Judge Easterbrook recently observed that "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement." *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 757 (7th Cir. 2009) (citing *Carter v. United States,* 530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000); *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). Seeing no "reason why materiality should not equally be required in an action based on § 1692e," Judge Easterbrook found a statement "false in some technical sense" immaterial. *Id.* (quoting *Wahl v. Midland Credit Mgmt., Inc.,* 556 F.3d 643, 646 (7th Cir. 2009)).

"A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Id.* The Sixth and Ninth Circuits have also adopted this standard as well. *See Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 596-97 (6th Cir. 2009)(holding that a plaintiff's FDCPA claim which relies on a too technical reading of state court complaint will not survive when, appraising the complaint in a common sense way, convinced the court that Plaintiff and the unsophisticated consumer understood the complaint); *Donohue v. Quick Collection, Inc.,* 592 F.3d 1027, 1033 (9th Cir. 2010)(holding that a mislabeled charge in a debt collector's complaint in an underlying action was not materially false because it correctly calculated the total debt owed, accurately stated the principal and accurately listed the total non-principal amount owed inclusive of interest and finance charges and holding court held that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§1692e of 1692f.). Here, Ms. Milliot corrected her clerical error to accurately reflect the situation at hand —that Mr. Copeland was not in default and had consented to judgment —her allegedly false representation to the state court did nothing to materially affect the respective rights or duties of the parties there under.

## V.  CONCLUSION

Kramer & Frank respectfully reserves the right to respond to any legal or factual issues Plaintiff may raise in his pre-trial brief.

Respectfully submitted,

WUESTLING & JAMES, L.C.

 /s/   Susan M. Schwartzkopf
R.C. Wuestling                    #4861
Susan M. Schwartzkopf        #517873
720 Olive St., Suite 2020
St. Louis, MO  63101
Phone:  (314) 421-6500
Fax:  (314) 421-5556
Email:  wuestling@wuestlingandjames.com
E-mail:  schwartzkopf@wuestlingandjames.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

David Marco [dmarco@smithlaw.us]
**Attorneys for Plaintiff**

 /s/ Susan M. Schwartzkopf