IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN COPELAND, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:09-CV-00310 |
| | ) |
| vs. | ) |
| | ) |
| KRAMER & FRANK, P.C., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR NEW TRIAL**

COMES NOW Defendant Kramer & Frank, P.C. ("Kramer & Frank") and for its Motion for a New Trial made pursuant to Federal Rule of Civil Procedure 59, states as follows:

1. The trial of this matter began on July 19, 2010.

2. The case was submitted to the jury on July 20, 2010.

3. The jury returned a verdict in favor of Plaintiffs and against Defendant in the amount of one-thousand dollars ($1,000.00).

4. The Court entered judgment accordingly on July 20, 2010.

5. Defendant Kramer & Frank is entitled to a new trial pursuant to Rule 59 because:

   (A) Juror Number 2 failed to honestly answer material questions during voir dire which would have resulted in her being challenged for cause and which affected Defendant's ability to receive a fair trial;

   (B) The verdict director failed to properly instruct the jury to make specific findings of fact which supported the finding of a violation of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §1692e(10);

   (C) The jury was not instructed as to the definition of "false misrepresentation or deceptive means," and its requirement of finding materiality;

   (D) The Court committed prejudicial error by failing to admit evidence of the abandonment of Plaintiff's claim for actual damages;

1

      (E)      The Court committed prejudicial error because it failed to admit evidence that the Plaintiff did not attempt to set aside the underlying judgment pursuant to the Missouri Rules of Civil Procedure;

      (F)      The Court committed prejudicial error because it failed to admit evidence that the Plaintiff was seeking to recover attorney's fees; and,

      (G)      The verdict was against the weight of the evidence.

6.      A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *White v. Pence,* 961 F.2d 776, 780 (8th Cir.1 992).

7.      Here, a new trial is warranted in the current matter to as the verdict was against the weight of the evidence and to in order prevent the miscarriage of justice.

8.      Defendant files contemporaneously its Memorandum in Support of its Motion for New Trial as well as its Memorandum in Support and Motion for Judgment Notwithstanding Verdict and incorporates each in its entirety by reference herein.

WHEREFORE, for the reasons stated herein and in Defendant's Memorandum in Support of its Motion for New Trial, Defendant Kramer & Frank respectfully requests the Court order a new trial and for such other relief as the Court deems necessary under the circumstances.

Respectfully submitted,

WUESTLING & JAMES, L.C.


 /s/   Susan M. Schwartzkopf
R.C. Wuestling               #4861
Susan M. Schwartzkopf        #517873
720 Olive St., Suite 2020
St. Louis, MO  63101
Phone:  (314) 421-6500
Fax:  (314) 421-5556
Email:  wuestling@wuestlingandjames.com
E-mail:  schwartzkopf@wuestlingandjames.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

David Marco [dmarco@smithlaw.us]
**Attorneys for Plaintiff**


 /s/ Susan M. Schwartzkopf

3